**Lawrence ZINMAN, Plaintiff,**

**v.**

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

Civ.A. No. 94–7287.

United States District Court,
E.D. Pennsylvania.

Dec. 12, 1995.

Stephen W. Edwards, Dolchin, Slotkin & Todd, P.C., Philadelphia, PA, for Plaintiff.

Thomas P. Wagner, Joshua Bachrach, Rawle & Henderson, Philadelphia, PA, Rita Durant, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

ANITA B. BRODY, District Judge.

Plaintiff brings this action pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") to enforce his rights under his disability insurance policy and to recover disability benefits allegedly

owed to him. Before me is a motion to strike plaintiff's jury demand.

Defendant Prudential Insurance Company of America challenges plaintiff's right to a jury in this case, arguing that in the Third Circuit this action is equitable and therefore that plaintiff has no constitutional entitlement to a jury. Plaintiff argues in response: (1) that defendant is collaterally estopped from bringing this challenge because another court ruled against defendant on the identical issue; (2) that the Third Circuit has never ruled definitively on this issue; (3) that this is essentially a breach of contract action, which is an action at law for which he is entitled to a jury; and (4) that pursuant to the terms of his insurance contract, this court is bound to follow decisions of the Second Circuit which have upheld the jury demands of other ERISA claimants. I reject all four arguments and will grant defendant's motion to strike the jury demand.

## I. DISCUSSION

Plaintiff Lawrence Zinman is a former employee of Prudential Securities, Inc. ("PSI"). During the course of his employment with PSI, Zinman was insured by the Prudential Insurance Company of America ("PICOA") pursuant to a Group Insurance Contract between PSI and PICOA.

In 1992, Zinman allegedly became disabled and as a result left his employment with PSI. PICOA initially paid Zinman disability benefits in accordance with his insurance policy, but then discontinued the payments on the ground that Zinman was not "totally disabled." Plaintiff Zinman is now suing both PSI and PICOA under § 502(a)(1)(B)[1] of ERISA to enforce his rights under his insurance policy and to recover the disability benefits allegedly owed to him. (Pl.'s 2d Am. Compl.)

**1.** Section 502(a)(1)(B) of ERISA provides as follows:

A civil action may be brought ... by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B) (1995).

■ Plaintiff has demanded a jury trial. The Seventh Amendment to the United States Constitution protects the right to a jury trial in "[s]uits at common law." U.S. Const. amend. VII. In other words, there is a constitutional right to a jury only with claims to enforce legal rights, and not with claims to enforce equitable rights. *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 1344, 108 L.Ed.2d 519 (1990).

■ The Third Circuit has held that claims pursuant to § 502(a)(1)(B) of ERISA are equitable. *Pane v. RCA Corp.,* 868 F.2d 631, 636 (3d Cir.1989); *Turner v. CF & I Steel Corp.,* 770 F.2d 43, 47 (3d Cir.1985), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986). Therefore, under the law as interpreted by the Third Circuit, plaintiff has no constitutionally protected right to a jury trial.

### 1. Collateral Estoppel

Plaintiff claims that defendant is collaterally estopped from bringing this challenge because a district court in the Western District of Arkansas rejected an identical challenge by PICOA in a different case. (Pl.'s Mem. Opp'n Def.'s Mot. to Strike at 5.) *See Brasher v. Prudential Ins. Co. of Am.,* 771 F.Supp. 280 (W.D.Ark.1991).

■ Under the doctrine of collateral estoppel, once an issue of fact or law is resolved by the final judgment of a court, then it is conclusively resolved in subsequent actions between the parties. *See Burlington N. R.R. Co. v. Hyundai Merchant Marine Co., Ltd.,* 63 F.3d 1227, 1231 (3d Cir.1995). Plaintiff argues that the issue of his right to a jury was conclusively determined by the *Brasher* court and therefore may not be relitigated in this jurisdiction.[2]

**2.** This is "offensive non-mutual collateral estoppel." It is "offensive" because it uses collateral estoppel to prevent the party against whom the claim was brought from defending on the estopped issue. It is "non-mutual" because the parties in this case are not identical to the parties in the prior action. *Burlington,* 63 F.3d at 1232. Offensive non-mutual collateral estoppel has been recognized as proper under the federal common law principles of collateral estoppel.

 The prerequisites for the application of collateral estoppel in federal court are: (1) the issue sought to be precluded must be the same as the issue in the prior action; (2) the issue must have actually been litigated in the prior action; (3) it must have been determined by a final and valid judgment; and (4) the determination must have been essential to the prior judgment. *Burlington*, 63 F.3d at 1231–32 (quoting *In re Graham*, 973 F.2d 1089, 1097 (3d Cir.1992)). This case fails to satisfy the fourth prerequisite, because plaintiff's right to a jury in *Brasher* was not a determination essential to the court's judgment.

While denying a defense motion for summary judgment, the court in *Brasher* also held that plaintiff was entitled to a jury trial. *Brasher*, 771 F.Supp. at 282. The decision that plaintiff was entitled to a jury trial was incidental to any judgment of the court. It does not go to the merits of the case and therefore cannot be said to meet the requirement that it be "essential to the prior judgment."

 Even if all the prerequisites were satisfied in this case, collateral estoppel is still inapplicable because under the "unmixed question of law" exception an issue is not estopped from relitigation when (a) it is an issue of law, and (b) the two actions involve claims that are substantially unrelated or "a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws." *Burlington*, 63 F.3d at 1233 (quoting Restatement (Second) of Judgments § 28(2) (1982)). The exception applies in this case because there has been a "change in the applicable legal context." The change of circuits from the Eighth to the Third was more than a mere change in jurisdiction—it was actually a change in the applicable law: in the Third Circuit § 502(a)(1)(B) actions are

considered equitable, *Pane v. RCA Corp.*, 868 F.2d 631, 636 (3d Cir.1989), while in the Eighth Circuit they are considered actions at law, *Brasher*, 771 F.Supp. at 282. The "unmixed question of law" exception to collateral estoppel therefore applies to this case, and collateral estoppel would not be appropriate even if the four prerequisites were satisfied.[3]

## 2. Third Circuit Case Law

Plaintiff then tries to attack the applicability of existing Third Circuit case precedent. Specifically, plaintiff argues that his case is factually distinct from all of the previous cases decided in the Third Circuit, because they involved claims against pension plan trustees, while plaintiff's claim is against his employer and insurance company. (Pl.'s Mem. Opp'n Def.'s Mot. to Strike at 7.)

However, contrary to plaintiff's allegations, the Third Circuit has held that § 502(a)(1)(B) actions against employers are actions in equity. *Pane v. RCA Corp.*, 868 F.2d 631, 636 (3d Cir.1989). And, while the Third Circuit has never ruled explicitly regarding § 502(a)(1)(B) claims against insurance companies, the rationale used by the Third Circuit applies as persuasively to such claims. *See, e.g., Turner v. CF & I Steel Corp.*, 770 F.2d 43, 46 (3d Cir.1985) ("[T]he nature of most controversies under subsection (a)(1)(B) ... does not lend itself comfortably to the traditional jury trial."), *cert. denied*, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986). Therefore, the factual differences between previous Third Circuit cases and the instant case are not material, and I will make no distinction based upon them.

## 3. ERISA Preempts State Contract Law

 Plaintiff also argues that his case is essentially a breach of contract case, which is an action at law for which he is entitled to a

---

*Id.* at 1231–32 (federal common law principles of collateral estoppel apply when the court is examining the preclusive effect of a prior federal court action).

3. Collateral estoppel would lead to an especially troublesome result in this case were it applied, because it would allow plaintiff to avoid the entire body of unfavorable Third Circuit case law

which preexisted *Brasher*. Justice White questioned the rationale behind allowing collateral estoppel in such circumstances, *United States v. Stauffer Chem. Co.*, 464 U.S. 165, 178, 104 S.Ct. 575, 582–83, 78 L.Ed.2d 388 (1984) (J. White, concurring), as did Justice Becker of the Third Circuit, *Burlington*, 63 F.3d at 1239 n. 16.

jury. (Pl.'s Mem. Opp'n Def.'s Mot. to Strike at 6.) However, ERISA preempts state contract law. 29 U.S.C. § 1144(a) (1995) ("[T]he provisions of this subchapter ... shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...."); *see also Kearney v. U.S. Healthcare, Inc.,* 859 F.Supp. 182, 184–85 (E.D.Pa.1994) ("However characterized, ... claims which arise from the manner in which defendant administered benefits or which are premised on the type or extent of benefits defendant promised or provided are preempted."). This is an ERISA case, which in the Third Circuit is considered an action in equity.

### 4. Choice of Law

 Plaintiff argues that it is improper for me to look to Third Circuit precedent when deciding this dispute because under the Group Insurance Contract I am bound to follow decisions of the Second Circuit which have upheld the jury demands of ERISA claimants. (Pl.'s Mem. Opp'n Def.'s Mot. to Strike at 4.) This argument fails.

First of all, the words of the Group Insurance Contract do not point to my use of Second Circuit case law.[4] The relevant provision of the Group Insurance Contract reads, "Governing Jurisdiction: State of New York." (Pl.'s Resp. to Def.'s Mot. to Strike Pl.'s Jury Trial Demand Ex. 1.) The plain meaning of the provision is that New York courts have jurisdiction over contractual disputes. That is quite different from the notion that, if an action were brought in a court outside of New York, Second Circuit precedent must be applied.

 Plaintiff implies, however, that the parties intended the provision to serve as a choice of law provision. (Pl.'s Mem. Opp'n Def.'s Mot. to Strike at 4.) A contract is interpreted in accordance with the intent of the parties. *Windsor Sec., Inc. v. Hartford Life Ins. Co.,* 986 F.2d 655, 667 (3d Cir.1993). If plaintiff's contention is correct, the clause at most provides that this court must look to

New York state substantive law to resolve contract disputes. It says nothing about applying Second Circuit case law to determine the nature of a federal cause of action under ERISA. Second Circuit case law is wholly independent from New York state substantive law. *See, e.g., Byrd v. Blue Ridge Rural Elec. Coop., Inc.,* 356 U.S. 525, 537, 78 S.Ct. 893, 900, 2 L.Ed.2d 953 (1958).

### II. CONCLUSION

For the foregoing reasons, plaintiff does not have a constitutional right to a jury trial. Accordingly, this 12th day of December, 1995, **IT IS ORDERED** that defendant PICOA's "Motion to Strike Plaintiff's Jury Trial Demand" is **GRANTED.**

---

**4.** There is nothing in the record to support plaintiff's contention that the Group Insurance Contract between PSI and PICOA applies to his dispute with defendants. However, viewing this in a light most favorable to plaintiff, I am assuming, without deciding, that plaintiff's assertion is correct.